IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY LEE GRAY, ) | |
| ) | Civil Action No. 07 - 487 |
| Petitioner, ) | |
| ) | District Judge David S. Cercone |
| vs. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| DAVID J. WAKEFIELD, Superintendent, ) | |
| SCI-Huntingdon, DISTRICT ATTORNEY ) | |
| OF ALLEGHENY COUNTY; ATTORNEY ) | |
| GENERAL OF THE STATE OF PA, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

### II. REPORT

Petitioner, Anthony Lee Gray, a state prisoner incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

**A. Relevant Procedural History**

On March 6, 1997, following a jury trial in the Court of Common Pleas of Allegheny County, Petitioner was adjudged guilty of Murder in the Third Degree, Criminal Conspiracy, Violation of the Uniform Firearms Act: Firearms Not to Be Carried Without a License, and Receiving Stolen Property. On April 30, 1997, Petitioner was sentenced to an aggregate term of imprisonment of from twenty (20) years and nine (9) months to forty-five (45) years. Petitioner filed a timely notice

of appeal and on August 9, 2000, the Superior Court of Pennsylvania affirmed his judgment of sentence. (Commw. Ex. 16, doc. no. 17-8, pp. 22-52). Petitioner filed a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied by that Court on March 30, 2001. (Commw. Ex. 20, doc. no. 18-2, p.1).

On November 2, 2001, Petitioner filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. (Commw Ex. 21, doc. no. 18-2, p.2-7). On July 3, 2003, Petitioner, through appointed counsel, filed a Supplemental Petition for Post-Conviction Collateral Relief. (Commw Ex. 22, doc. no. 18-2, p.8-25). On December 9, 2003, the PCRA Court denied Petitioner's PCRA Petition. (Commw. Ex. 25, doc. no. 18-3, p. 46). Petitioner filed a timely Notice of Appeal and on August 5, 2005, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief (Commw. Ex. 31, doc. no. 18-7, pp. 1-9). On September 6, 2005, Petitioner, through counsel, filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania. The Supreme Court of Pennsylvania denied the Petition on April 18, 2006. (Commw. Ex. 33, doc. no. 18-8, p. 53). Petitioner's federal Petition for Writ of Habeas Corpus was executed on April 8, 2007.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and ma de retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute

pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal on March 30, 2001. Consequently, direct review of Petitioner's conviction became "final" on or about June 30, 2001, *i.e*, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Thus, Petitioner had one year from that date, *i.e.*, until June 30, 2002 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas Petition by June 30, 2002; instead, his federal habeas corpus petition was not filed in this Court until April 8, 2007, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed his PCRA petition on November 2, 2001. Therefore, his one-year limitations period began running on July 1, 2001 and continued to run until November 2, 2001, when he filed his PCRA petition. From July 1, 2001 until November 2, 2001 one-hundred and twenty-four days (124) days had run on Petitioner's one-year limitations

period; two-hundred and thirty-two (232) days remained. Petitioner's one-year AEDPA limitations was tolled while he was pursuing his PCRA proceeding from November 2, 2001 through April 18, 2006, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. His limitations period began running again on April 19, 2006 and expired two-hundred and thirty-two (232) days later on December 7, 2006.

Consequently, Petitioner's one-year limitations period ended on December 7, 2006. Unfortunately for him, Petitioner did not file his federal habeas corpus petition until April 8, 2007, almost four months after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C.

§ 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: May 8, 2008

cc:  The Honorable David S. Cercone
     United States District Judge

     Anthony Lee Gray, DF-8536
     SCI Huntingdon
     1100 Pike Street
     Huntingdon, PA 16654-1112

     Amy L. Fitzpatrick
     Office of the District Attorney
     401 Allegheny County Courthouse
     Pittsburgh, PA 15219